IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
      Plaintiff

                      :

      vs.                          :   CRIMINAL NO.  1:CR-01-195-02

                      :

JEFFREY HOLLAND,
      Defendant                    :


ORDER WITH NOTICE OF
LIMITATIONS ON FILING OF FUTURE
MOTIONS UNDER 28 U.S.C. § 2255

TO THE DEFENDANT:

      The court has received a filing from you which you have titled a motion under 28 U.S.C. § 2255.  Under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), the purpose of this notice is to inform you of limitations upon your right to file another motion under section 2255 in the future if your current motion is considered by the court.

      The eighth paragraph of section 2255 bars second or successive 2255 motions unless there are exceptional circumstances and the defendant has obtained permission to file another 2255 motion from the appropriate court of appeals.  This means that if your current 2255 motion is considered on the merits and rejected, you no longer have the right simply to file another 2255 motion in this court raising other grounds for relief, even if you are attempting to raise grounds that you did not think of before filing the current motion.

Instead, you would have to move in the court of appeals for a certificate allowing you to file that second 2255 motion.  Further, the grounds upon which you could rely to obtain that certificate, and proceed with a second 2255 motion, are limited to two extremely rare circumstances: (1) newly discovered evidence, that is, evidence that was not available to you at the time you were convicted; or (2) a new rule of constitutional law that was previously unavailable to you and is made retroactive to cases on collateral review by the Supreme Court.

Because these grounds are so limited, in most cases they will result in the denial of approval to file a second or successive 2255 motion, thereby barring the litigation of grounds that had not been presented in the first 2255 motion.

Thus, you should carefully consider whether the current 2255 motion raises all grounds for relief from your conviction.  If you think it may not, you may want to supplement it with the additional grounds you wish to pursue.

If you do decide to supplement your current motion, you are advised that any additional grounds should be filed with the court by February 23, 2005, the date that the one-year statute of limitations for filing a 2255 motion expires in your case.

Accordingly, this 10th day of February, 2005, it is ordered as follows:

    1.  Defendant is given leave to supplement his current 2255 motion with other grounds for relief from his conviction.

    2.  Any supplemental grounds shall be filed by February 23, 2005.

    3.  In the alternative, Defendant may notify the court by February 23, 2005, that he wishes to proceed on the 2255 motion as filed.


    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge