TAM:WAB:caz

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 1:CR-01-195-02 |
| | ) (Judge Caldwell) |
| v. | ) (Electronically filed) |
| | ) |
| JEFFREY HOLLAND | ) |

### RESPONSE OF THE UNITED STATES
### TO THE PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255

**I.   ISSUE**

**DID TRIAL COUNSEL PROVIDE INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND ON APPEAL?**

Petitioner has filed a motion pursuant to 28 U.S.C. § 2255 alleging numerous grounds for relief. The Court has directed the United States to respond to only two of those: (1) that counsel was ineffective at trial and on appeal for failing to object to errors made by the Court when charging the jury; and (2) that counsel was ineffective at trial and on appeal for failing to object to the government's use of co-conspirators' guilty pleas as substantive evidence of the defendant's guilt. Upon review of the record in this matter, including the opinion of the United States Court of Appeals for the Third Circuit affirming the petitioner's conviction, it is clear that neither claim has merit.

This analysis begins with a review of the law governing claims of ineffective assistance of counsel. Legal claims regarding the ineffective assistance of counsel are

governed by the United States Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984). " "'An ineffective assistance claim has two components: a petitioner must show that counsel's performance was deficient, and that deficiency prejudiced the defense.'" Wiggins v. Smith, ____ U.S. ____, 123 S. Ct. 2527, 2533 (2003)(quoting Strickland, 466 U.S. at 687). To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. There are no specific guidelines to measure appropriate attorney conduct. Rather, the Supreme Court has emphasized that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norm." Id. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694. The benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686, 104 S. Ct. 2064. The defendant must show that counsel's performance was deficient, meaning that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. at 687, 104 S. Ct. 2064. A court considering an ineffective counsel claim "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2065. Finally, counsel's performance is not deficient simply because counsel does not make every objection or raise every non-frivolous issue.

See <u>United States v. Phillips</u>, 210 F.3d 345, 348 (5th Cir. 2000).

The first claim of ineffectiveness raised by the Petitioner concerns one that counsel was ineffective at trial and on appeal for failing to object to errors made by the court when charging the jury. The United States Court of Appeals for the Third Circuit affirmed the Petitioner's conviction on September 23, 2003. See <u>United States v. Holland</u>, 75 Fed.Appx. 878, 2003 W.L. 22183555 (3d Cir.(Pa.)). On appeal, Holland claimed that the Court's supplemental instructions to the jury inaccurately stated the facts in the case, precluded the jury from considering important facts regarding the weight involved, and misled and coerced the jury. In particular, Holland claimed that the district court's supplemental instructions to the jury indicated to the jury that to avoid the necessity for a new trial, the jury would have to resolve the case "today" and claimed this was particularly coercive since the jury had not indicated that they were deadlocked.

The Third Circuit Court of Appeals observed that from the record, it appeared that Holland's counsel did not object to off-the-record sidebar discussions and did not object to the Court's supplemental instruction. All that being said, the Third Circuit Court of Appeals went on to hold that it was "satisfied that the error could not have affected Holland's substantial rights." The Court went on to say as follows:

> As we indicated above, the Court told the jury during its charge that it would be concerned with the quantity of the crack cocaine only if it determined that the material was crack cocaine and the defendant was guilty of distribution of it or possession of it with intent to distribute. Here the jury's question related to weight and thus the question implies that even before the jury asked the question, it had resolved the basic issues in the case for unless it had, the weight did not matter. Moreover, as we also have indicated, the evidence supported the conviction for a conspiracy involving 50 grams

> or more of crack cocaine. In the circumstances, we could not hold reasonably that the court's error effected Holland's substantial rights. Indeed, we cannot conceive that if the court had not included the word 'today' in its supplemental instruction then the result here would have been different.
>
> In reaching our conclusion, we recognize that the coercive capacity of the court's comment did not depend on it being correct. Yet here, we cannot believe that the court coerced the jury for the jury, notwithstanding the court's comment, deadlocked on Count IV. Accordingly, even though the jury did not know that the count would be dismissed rather than being retried if it did not reach a verdict, it nevertheless was willing to compel the parties to go through another trial on that count. Therefore, it was not coerced by the court's comments.
>
> ***
>
> Consequently, we have no doubt that if the attorneys had objected to the use of the word 'today' the court would have told the jury to disregard it. Apparently, the defendants did not think at the time that the court prejudiced them by the use of the word and neither do we now. (750 Fed.Appx. at pg. 882).

From a reading of the Opinion of the Third Circuit Court of Appeals, it is clear that they believe the defendants received a fair trial and counsel's decision not to object to the Court's instructions did not prejudice him or led to an outcome that would not have resulted but for the claimed error. Consequently, relief is not warranted on this ground.

The petitioner then argues that counsel was ineffective at trial and on appeal for failing to object to the government's use of co-conspirators' guilty pleas as substantive evidence of defendant's guilt. The short answer is that this did not happen and the Court did not instruct the jury at any time that the guilty pleas of various witnesses could be considered as evidence of the petitioner's guilt. The government did properly solicit from various witnesses admissions that they in fact had been criminally involved in the

unlawful distribution of drugs and had pled guilty to related charges. Had the United States not solicited this testimony, it undoubtedly would have been elicited by counsel for the petitioner because it is universally recognized as a method for impeaching the credibility of a witness rather than bolstering the credibility of the witness.

## II.     CONCLUSION

**WHEREFORE**, it is respectfully requested that Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 be denied.

        Respectfully submitted,

        THOMAS A. MARINO
        UNITED STATES ATTORNEY


        _____
        WILLIAM A. BEHE
        Assistant U.S. Attorney
        228 Walnut Street
        P.O. Box 11754
        Harrisburg, PA 17108
        717/221-4482 (Office)
        717/221-2246 (Fax)
        WILLIAM.BEHE@USDOJ.GOV
        Bar No. PA-32284

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No. 1:CR-01-195-02 |
| | ) (Judge Caldwell) |
| v. | ) |
| | ) |
| **JEFFREY HOLLAND** | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 4th day of April 2005, she served a copy of the attached

## RESPONSE OF THE UNITED STATES
## TO THE PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):

Jeffrey Holland
Reg. No. 36909-083
United States Penitentiary
Lee County, P.O. Box 305
Jonesville, VA 24263-0305

/s/ Cynthia A. Zimmerman
CYNTHIA A. ZIMMERMAN
Legal Assistant

Case 1:01-cr-00195-WWC    Document 312    Filed 04/04/2005    Page 7 of 7