IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY HOLLAND
    Movant,

v.                            CR. No. 1:CR-01-195-02

UNITED STATES OF AMERICA        J. Caldwell
    Respondent,

===================================================================
BRIEF IN TRAVERSE TO [RESPONSE MOTION] FILED IN THE ABOVE STYLED
AND CAPTIONED MATTER, BY THE UNITED STATES.
===================================================================

    **Now into court** comes **JEFFREY HOLLAND**, the petitioner, appearing through Pro se representation and respectfully moves this honorable court by way of traverse briefing, filed timely in response to government's brief, made in opposition to relief sought, pursuant to 28 U.S.C. § 2255 [motion to vacate, set aside or correct sentence].

    In response to an <u>order</u> entered by the U.S. District Judge William W. Caldwell, on the **9th day of March, 2005**, to be "<u>served</u>" (no mentioning of mailing through postal service), by the clerk of court, on the United States Attorney. Whereupon; the United States was ordered to "<u>Respond to the motion</u>" within **twenty days** of the date of "<u>order</u>" (3/9/05). And thereafter; movant ("Petitioner") was to have **ten days** to file reply (traverse) brief.

    Movant seek that this honorable court through its Judicial benevolence due to movants Pro se standing, provide a less stringent standard of review, and a liberal construction when examining citation of case law, rule's, regulations, or his effort at legal syntax. **Boag v. MacDougall**, 454 U.S. 364 (1982); and further, that this court may apply the appropriate criminal rules of procedure even if none was cited

by movant. See **Royce v. Hahn, 151 F.3d 116, 118 (3rd Cir. 1998).**

Hereinafter; movant in his traverse shall set forth three separate and distinct reasons by which this court may sustain motion filed pursuant to § 2255. and issues raised therein as presenting colorable claims worthy of further review or examination of the court on their merits. That this court may also find the response brief of the United States woefully inadequate, legally insufficient (defective), and unacceptable by traditional standards promulgated in law; for the purpose of "show of cause" orders, issued by the Federal Courts.

## THE THREE REASONS WHY GOVERNMENTS BRIEFING MUST BE DEAMED UNACCEPTABLE IN ITS RESPONSE TO § 2255 MOTION, AND SUPPORTING AFFIDAVIT. SEE 28 U.S.C. § 2244, AND FEDERAL RULES CR.P. 47

The original moving party herein avers that response motion filed by the United States is **(1)** untimely (Tardiness); **(2)** as it was provided to movant via 1st class mail, it has not been signed by the United States attorney or the alternative, assistance United States attorney (no legal authentication); **(3)** the response brief failed to "respond to the allegations of [movant's] motion." **See Show of Cause Order.**

**Question # 1 (The Facts):** As stated at the opening page, the court has entered its order for "show of cause" to the attorney for the United States on **9th day of March, 2005.** that government shall respond within twenty days therefrom, and further ordered movant to file traverse within ten days from that date. Causing the approximate maximum date for governments briefing to be on or about the **29th day of March, 2005.** Movant is prejudiced when Governments response is untimely but he is held obligated to traverse on a predesignated date, timed for ten days after government response. **[All dates are thrown off]**

In spite of the courts briefing schedule and order, in the absence of a petition by the government for leave to file out of time (extension), the respondents brief by way of its certificate of service, has been "Certif[ied]" by a legal assistant dated **April 4th, 2005.**

Minus holidays and any legally acceptable forms of "excussable neglact" its apparent, where respondents brief was deposited on said date there exist a default of **4-5 days**.

Furthermore; should this court find question number two as presented below to be substantiated (correct) it may also find response brief of the United States **Outstanding**, or **Overdue**- (Absalute tardiness).

**The law in support of factual claims:**

Where according to the order of the court it is not clear as to whether the courts clerk has "**Served**" the government via first class mail or otherwise, for the purpose of <u>tardiness</u> determination where three days are exclude when service is performed through "**mail or electronic mail**." To the contrary it is clear that both the U.S. District Court for the Middle District of Pennsylvania, and the offices of the United States Attorney (D.O.J.), share the same addresses at **228 Walnut Street, Harrisburg, Pennsylvania 17108**. Therefore movant claims the United States may not stand to benefit from three day exclussion Rule as provided at **Federal Rules Criminal Procedure 45(c), Identical Rule 6(e)**, Also see **U.S. v. Roberts, C.A. 1st, 1992, 978 F.2d 17, 19, citing Wright**.

And whereas in movants case the courts order required traverse within ten days, he shall stand to benefit from exemption of weekends as his briefing schedule is "less than eleven days" in that he may not be held responsible for exceeding ten day limit. See **Rule 45(a)(2); U.S. v. Brewer, CA. 5th, 1995, 60 F.3d 1142, U.S. v. Mikell, D.C. Mi. 2001, 163 F.Supp. 2d 720, 724**.

Should this court make its determination with consideration for excusable neglect, applying the interest of justice standard, naturally allowing for a "**Bad faith**" examination on part of the government, **Tatterson v. Koppers Co., 104 F.R.D. 19, 20 (W.D. Pa. 1984)**; this court will also find the **Bad faith** component to be over shadowed and agravated by those questions presented at **#2, and #3**.

**Question #2 (the facts)**; based on the plain language of 28 U.S.C. § 2255 at (5), it is a fundamental requirement (prescribed by statue) that the attorney for the United States as defined at 28 U.S.C. § 541, or an Assistant United States Attorney (A.U.S.A.), as defined at 28 U.S.C. § 542, being duly appointed by the president of the United States, and licensed as officers of the court **(See A.B.A. Standards)**, must respond to the motion (§ 2255) when directed (ordered) to do so by the court. The attorney's of the United States are held to the same ethical standards as any other private licensed attorney with regards to official or proffesional responsibilities, such that include the proper form of briefs when filing. **See 28 U.S.C. § 530 B.** Therefore; movant submits that it is appropriate to claim legal defect as against the entirely of governments brief where it suffers structural ommitions; including the attorney for the United States failure to affix signature for the purpose of completing legality of documents and perfecting authenticity.

Where the only signature apparently affixed was not signed to the actual governments brief, but to the certificate of service in **Type Print Form** by one titled as legal assistant, **Cynthia A. Zimmerman** not certain if the assistant falls within the proscription as defined at 28 U.S.C. § 550. **(clerical assistant)**. Certainly such persons are not recognized in law as attorney of the United States or his assistant United States Attorney.

**The law in support of factual claim:**

**The abridged Seventh Edition of Blacks Law Dictionary- provides in relevant part;**

**Signature** 1. A persons name or mark written by that person or at the person's direction. 2. Commercial Law. Any name, mark, or writing used with the intention of authenticating a document. UCC §§ 1-201(39), 3-40(b).- Also termed legal signature. Legal authorities further cited at **Maricopa County v. Osborn, 60 Ariz, 290, 139 P.2d 270, 274.**

In this matter it shall be noted relying on governments certificate of service, the response brief was filed through electronic means. What follows is portions of law (quotes) at pertinent parts presenting authority in support of arguments herein at #2.

**Federal Rules of Criminal Procedures at 49.***

Providing that "all papers required to be served must be filed with the court in the manner provided in civil action incorporated by reference **Rule 5 (d) and (e)** of the civil rules." Which <u>states</u>: "... A court may by local rule permit papers to be filed, signed, or verified by electronic means that are consistant with technical standards, if any, that the judicial conference of the United States established."

See amended Rule 5(e) "the amended rule also makes clear the euality of filing by electronic means with written filings. An electronic filing that complies with the local rule satisfies all requirements for filing on paper, signature, or verification." [1996]

Traverse argument in this matter is best concluded by further high lighting the fact with regards to governments response brief filed in challenge to issues raised <u>via</u> motion pursuant to § 2255; that the response brief made by the offices of the attorney for the United States does not "otherwise satisf[ies] the requirements of **28 U.S.C. § 1746.**".. where there is a failure to affix (sign) mandatory signature of U.S. Attorney or his assistant (A.U.S.A.) for the purpose of electronic filing. **See Bleavens v. U.S., C.D.Ill. 1992, 807 F.Supp. 487 at [6] (28 U.S.C. § 1746).**

Hence the U.S. Attorney's failure to endorse by signature both the **electronic filing** response brief and its companion certificate of service, should cause the matter to be treated as having to file no papers at all, e.g. outstanding, overdue; in response to judicial order.

<u>**Question #3 (the facts)**</u>; apart from any of the forgoing reasons demonstrated at question's #1, and #2. Movant herein seek this court to deem governments response brief woefully inadequate due to its obvious failure to **"answer"** factual and legal claims as alleged in **§ 2255 motion**, supported by affidavit, at its particular parts.

Thereby government has failed to set forth a **"responsive pleading"** that <u>show cause</u> as to why colorable claim, supported by affidavit, presented to the court, seeking relief should not be granted.

Inits judicial order the District Judge required that the United States respond to two out of four issues raised, three questions are against ineffective counsel (trial and appellate) in the actual **§ 2255** motion, and the fourth question presented in the amendment

-5-

to that very motion, i.e. **Blakely/Booker claim.**

The court ordered the government to respond to the following two issues as quoted from actual order: at page (1) That counsel was ineffective at trial and on appeal for failing to object to errors made by the court when charging the jury, including the failure of the court to properly record side bars; (2) That counsel was ineffective at trial and on appeal for failing to object to governments use of co-conspirators guilty please as substantive [evidence] of the defendants guilt.

The governments <u>terse</u> response in its un-numbered brief fails to confront the factual and legal questions as presented it by § 2255, motion, as ordered by the court. In fact respondent literally embelished the entire matter (issue) provided at (1), then disingenuously added to it, by recharacterizing and redirecting the issue raised (mixing the two), to the question number three (3) of the § 2255 motion; in other words responding to the jury coercion issue which this court had not ordered the government to "show cause" or respond to. Not withstanding the fact that Jury Coercion issue was raised in § 2255 under ineffective counsel with an added issue under the same rubric, and a different context from that addressed by the previous appeals court.

<u>About embelishments:</u>  of Jury instruction question #1.

Embelishment of the actual factual claims raised in § 2255 motion, occured when motion directed at trial and appeals counsels ineffectiveness (6th amend. U.S.C.) is reconstrued so as to make it appear as though the issue was previously addressed by the appeals court; This is apparent in what should have been page <u>#3</u>, of governments brief. The appeal record reflect that a different claim was raised on question of coercion, for abuse of discretion, de novo, after motion, under plain error standard, not ineffective counsel and resulting prejudices, **i.e. court failed to provide limiting instruction. pg. <u>23</u>** of § 2255. part of current coercion claim.

Also see final paragraph at respective page "<u>4</u>" of governments counter claim, demonstrating an effort to mislead the court when government misappropriates actual § 2255

-6-

issues regarding judges instruction to the jury including ex parte side bars, and resulting prejudices, associated with ineffective counsel claims in referring to appeals court quotes;

> "from a reading of the opinion of the Third Circuit Court of Appeals, it is clear that they believe the defendants received a fair trial and counsel's decision not to object to the courts instructions did not prejudice him or led to an outcome that would not have resulted but for the claimed error. Consequently, relief is not warranted on this ground."

The court shall note the current § 2255, issue in question were not before the appellate court, and they are properly before the court as against ineffective counsel, a six amendment colorable claim (U.S. Const.).

Through arbitrary and unfair means the government sought to avoid responding to the actual numerated, precise issues, raised in §2255 motion at issue number one **"(1)"** as recognized by this court in its order. The issues are too lengthy to repeat here, but this court may revisit those questions at **pg's. 8 through 10** numbers 1, 2, and 3. Then **pg's. 10 through 15.** numbers 1, 2, 3, 4, and 5. All questions are supported by law and affidavit for the purpose of demonstrating the prejudice component of **Strickland v. Washington, 466 U.S. 668 at 687.** Concluding with a **fouth*** question and demonstration of prejudice at **pg 13**, under Rubric of **Legal Caveat-** "effectiveness of counsel's argument impaired." By courts unanticipated supplemental instruction, implicating **Fed. Cr. Rule 30.**

Regarding issue number (2) which the court ordered the "United States" to "Show Cause" or "respond" to [factual and legal] claims presented therein.

Two major problems exist with governments response to the actual arguments raised within the motion at issue (2)- First,* the terse response in the brief (suppose pg 4) absolutely rejects the truth of the matter that plain and verifiable in the records of the court. Contempt is manifest where respondent attempts to impinge the intelligence of this court and its desire to preserve due process (fundamental rights), by respondents claim that "...[t]his did not happen ..." then -second*, once again, as is the habit, the government sought to reconstrue nature of claim, i.e. subject matter, context, and the means which error took place. By implying that somehow the legal issue as presented in

-7-

order to occure as an error of constitutional diminsion, it would be dependant on-

"... [t]he court did not instruct the jury at anytime that the guilty plea of various witnesses could be considered as evidence of petitioner guilt."

It shall be noted here that the actual claim at issue (2) goes against the use of co-conspirators guilty pleas as substantive proof of defendants guilt, not the pleas of **"various witnesses."**

Quite to the contrary movants claim never implied that the issue as an error for-which counsel failed to object or seek limiting instruction's, was caused by the courts statement to the jury as quoted above. **(A)** Instead the claim was against governments actions and statements at opening and closing arguments, Jury's note. Prejudice is most apparent when the jury break's from deliberation, requesting to see "... **all plea agreements?**" [pg 20 of § 2255, memo] of coconspirators; thereby the court provided the jury everything related to those two witnesses. **(B)** and prejudice was argued in terms of trial counsel failure to seek limiting instructions as part of the initial or substantive jury charge, and then again when the jury submitted its note during deliberations; In order to mitigate prejudices resulting ttherefrom.

Movants points at **(A) and (B)**, is clearly supported by trial record, the true details and nature of claims as raised in issue number two, its particulars, are available at pg's. **15 through 21**, of § 2255 motion; whereby this court may ascertain what really was "argue[d]"-(response brief pg "4") in the motion.

Governments response to question number "(2)" is tantamount to fraud upon the court, where this act of misleading is easier to verify. Indeed movant already stand at a disadvantage, seeking to overcome a jury's guilty verdict, through arguments as against the United States (a entity).

As a result of the obvious disregard for legal ethics, judicial integrity, this court should strike the entire motion of respondent finding it contemtuous.

**The law in support of factual claim:**

Based on authorities set fourth below addressing the United States failure to properly respond to § 2255 motion, this court will find it most appropriate to deny respondents brief and to further reject its counter claims; thereby sustaining movants motion pursuant to section 2255, and to enter an order for relief by whatever means it deem <u>warranted</u>.

In this matter the United States has failed to file a "<u>responsive pleading</u>" one that meets issues as raised in movants motion, commensurate with **Rule 4(b)**, of section 2255 rules says in part:

> "[s]ince rule 4 has it basis in 2255 (rather than 28 U.S.C. § 2243 in the corresponding habeas corpus rule ... the United States Attorney for the district is the party [or A.U.S.A.] served with the notice and a copy of the motion and required to answer (when appropriate). Subsection (b) the United States Attorney as prosecutor in the case, in question, is the most appropriate one to defend the judgement and appose the motion."

A legislative mandate confirmed and elaborated on by none other than that of the late **Charles Alen Wright at Vol #3. §598.** (3rd edition) [Rule 4(b)] 2004. Requirements for filing responsive pleadings.

Furthermore its settled law of the **Third Circuit** the government's answer and affidavits* are not conclusive against the movant, and if they raise disputed issue of fact (as demonstrated above) a hearing must be held. See **Del Piano v. United States, 362 F.2d 931, 932, 933 (3rd Cir. 1966).**

Holding that:

> "[T]he factual issue may not be determined soley on the counter-affidavits submitted by the government and in total disregard of movants affidavits. Ibid. No matter how improbable or unbelievable the verified allegation of the motion may seem, the movant cannot be denied a hearing."

And its progeny;

> [G]overnments affidavits filed in opposition to a § 2255 motion for post conviction relief are not part of the "files and records" of the case ... the denials only serve to make the issues which must be resolved by evidence taken in the ussual way. They can have no other office. Id. at United States v. Costanzo, 625 F.2d 465, 470 (1980).

-9-

Therefore movant seek this court to deny governments request as presented in its brief, to render the United States response brief as structurally and otherwise defective (default judgement). As it has failed to respond to issues as raised <u>via</u> colorable claims pursuant to 28 U.S.C. § 2255.

Jurist of reason has found that the prosecutions failure to dispute factual allegations in habeas petitions [§ 2255] and traverse amounts to admitting the allegations were true. **Bland v. California Dept. of Corrections, 20 F.3d 1469, 1474 at [6,7] (9th Cir. 1994).**

## EVIDENTIARY HEARING REQUIRED

An evidentiary hearing is "warranted" in light of all the forgoing circumstances as raised in both the § 2255 motion and traverse briefing, thus movant implores this Court for the appointment of counsel to aid in proceedings at a hearing. **Roney v. U.S., 205 F.3d 1061 (8th Cir. 2000).**

An evidentiary hearing will serve to provide a fair and just forum to clarify the details, meaning, scope, and nature of factual/legal issues raised within the body of section 2255, motion. And to show how trial/appeals counsel was ineffective, in violation of movant's Sixth Amendment Constitutional guarantees. See **United States v. Iasiello, 166 F.3d 212, 213-14, (3rd Cir. 1999).**

## LEGAL CAVEAT

In the matter of **HARVEY HOLLAND # 1:CV-04-2277.** the brother and codefendant of movant; who has sought the court previously to join him in issue's raised in § 2255, motion. Or because said issues are sufficiently identical, where this Court has entered an order for evidentiary hearing and appointed counsel for co-defendant HARVEY HOLLAND, movant implores this Court, that by its judicial benevolence it provide the same of him. Order dated 2/18/2005. Docket # 306. **See The Courts numeration of issues to be addressed at hearing in correspondence to Judge <u>order</u> (show cause) entered December 22, 2004. HARVEY HOLLAND. Designated as issues (7) and (8).** This request may qualify by way of the United States Constitution <u>Equal Protection Clause.</u> **14th and 5th Amendment.**

Wherefore movant seek this court to vacate the judgement of conviction and sentence or provide relief by whatever means it deems necessary.

I, JEFFREY HOLLAND, the moving party hereby declare, state, and affirm, under the penalty of perjury pursuant to 28 U.S.C. § 1746(2) (in the absence of notary) that to the best of my knowledge all statements of fact and law in support of traverse (reply) brief are true and correct.

__22__ day of April, 2005.

                                                                _/s/ Jeffrey Holland_
                                                              JEFFREY HOLLAND
                                                              REG. NO. 36909-083
                                                              U.S.P. LEE County
                                                              P.O. Box 305
                                                              Jonesville, VA. 24263

## CERTIFICATE OF SERVICE

I hereby certify, that a true and correct copy of movants traverse (reply) brief, filed in opposition to governments response-has been deposited in prison mailbox __22__ day of April, 2005, in a timely matter, as ordered by the Court to file traverse within (10) ten day's after service of governments brief. (Served to movant through regular institutional mail procedure in the eleventh of April, 2005.)- Mailed First Class to, **WILLIAM A. BEHE (A.U.S.A.) 228 WALNUT STREET, P.O. BOX 11754, HARRISBURG, PA. 17108.**

For the purpose of timeliness please, see **Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed 2d 245 (1988), Pro Se Prison Mailbox Rule.**

                                                                _/s/ Jeffrey Holland_
                                                              JEFFREY HOLLAND
                                                              REG. NO. 36909-083
                                                              U.S.P. LEE County
                                                              P.O. Box 305
                                                              Jonesville, VA. 24263

