```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :
        Plaintiff
                               :

        vs.                    :   CRIMINAL NO.  1:CR-01-195-02

                               :
JEFFREY HOLLAND,
        Defendant              :
```

## M E M O R A N D U M

### I.  Introduction

The Defendant, Jeffery Holland, filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. The motion raises multiple claims.

### II. Background

On June 6, 2002, following a jury trial, the Defendant was convicted of distribution and possession with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count I); use of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count III); and conspiracy to distribute and possess with the intent to distribute fifty grams of more of crack cocaine in violation of 21 U.S.C. § 846 (Count V). The Defendant was sentenced to concurrent terms of life imprisonment on Counts I and V, a concurrent term of 60 months on Count III, ten years supervised

release on Counts I and V, three years supervised release on Count III, an assessment of $300, and a fine in the amount of $6000.

Holland appealed his conviction.  The Defendant's appeal was denied by the Third Circuit on September 23, 2003. *United States v. Holland*, 75 Fed. Appx. 878 (3d Cir. 2003). Holland petitioned for certiorari to the United States Supreme Court and on February 23, 2004, certiorari was denied.  *Holland v. United States*, 540 U.S. 1205, 124 S. Ct. 1475, 158 L. Ed. 2d 127 (2004).

On February 5, 2005, the Defendant initiated these § 2255 proceedings pro se.  In response to our order under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), he moved to amend his motion.  We allowed him to amend.  In his motion, Holland raises the following issues: (1) that counsel was ineffective at trial and on appeal for failing to object to errors made by the court when charging the jury, including the failure of the court to properly record sidebars; (2) that counsel was ineffective at trial and on appeal for failing to object to the Government's use of co-conspirators' guilty pleas as substantive evidence of the Defendant's guilt; (3) that counsel was ineffective at trial and on appeal for failing to object to the court's coercion of the jury in order to reach a verdict; and (4) that the court erred at sentencing pursuant to the standard set forth in *United States v. Booker*, 543 U.S. ___, 125 S. Ct 738, 160 L. Ed. 2d 621

(2005). We directed the Government to file a response to the first two claims.[1]

III. Discussion

Before discussing the merits of Defendant's claims, we will briefly address his arguments as to why we should not accept the Government's response to his § 2255 motion. Holland argues that we should find the Government's response to be unacceptable because it is untimely, unsigned, and failed to respond to his claims. First, although the Government filed its response a few days after the twenty days provided for in our March 9, 2005, order, we will consider the response as we routinely treat similar responses filed by pro se litigants and will afford the same leeway to the Government. Additionally, the Defendant has not been prejudiced by the Government's untimely filing as he was able to file his reply. Second, although the United States Attorney's name does not appear on the signature line of the Government's response, filings made

---

[1] We are aware that Harvey Holland, Jeffery Holland's co-defendant, also has a § 2255 motion pending before us in which a hearing has been granted. We note, however, that the United States Attorney concurred in the granting of a hearing for Harvey Holland. The United States Attorney has addressed the merits of Jeffery Holland's claims and has not concurred in his request for a hearing. While we recognize that the Defendants have raised similar issues in their motions, Harvey Holland has raised at least six issues that differ from those raised by Jeffery Holland. Since the issues in the instant case have been addressed by both parties, we will consider the merits of the Defendant's claims.

3

through the electronic filing system by the attorney of record, as was done in this case, are considered signed.[2]  Finally, we find the Government's brief to be responsive to the claims presented.

    A.   Ineffective assistance of counsel

The Defendant raises three claims of ineffective assistance of counsel.  He argues that trial counsel was ineffective by: (1) allowing two unrecorded sidebars to take place outside of his hearing which resulted in numerous prejudicial jury instructions; (2) failing to object to the Government's use of co-conspirators' guilty pleas as substantive evidence of his guilt and failing to ask the court for a limiting instruction regarding the consideration to be given to the guilty pleas of co-conspirators; and (3) failing to object to the court's alleged coercive jury instructions.  He also claims that his appellate counsel was ineffective for failing to raise these issues on appeal.

The Defendant's claims of ineffective assistance of counsel are governed by the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  *Strickland* held that an ineffective assistance of counsel claim requires the petitioner to show: (1) that his

---

    [2] *See* Electronic Case Files User Manual(revised October 4, 2004), *available at* http://www.pamd.uscourts.gov/ecf.htm (Last visited May 13, 2005).

4

counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064.  The reasonableness of counsel's conduct must be judged in light of the facts of the particular case at the time of the event.  *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066.  In analyzing that performance, the court must make every effort "to eliminate the distorting effects of hindsight," and determine whether "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  *Id.*

Once it is found that counsel's performance was deficient, the court must determine if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*

### i. Sidebars and jury instructions

Holland maintains that court erred in allowing two sidebars to occur outside his presence and for failing to record those sidebars.  He contends that his trial counsel was ineffective for allowing the court to commit these errors.  The Defendant also argues that appellate counsel was ineffective for failing to raise these issues on appeal.  The Government

maintains that the Third Circuit opinion in the Defendant's case makes it clear that the appellate court believes that Holland received a fair trial and was not prejudiced by the jury instructions.

The Defendant claims that the fact that he was not present at the two sidebars, one during the original jury charge and one during the supplemental charge, violates his rights under the Sixth Amendment, his due process rights under the Fifth Amendment, and Federal Rule of Criminal Procedure 43.  He also asserts that the failure to record these sidebars was a violation of the Court Reporter Act, 28 U.S.C. § 753(b).  The Defendant's first argument is without merit.  A defendant does have a constitutional right to be present at every stage of his trial.  *United States v. Toliver*, 330 F.3d 607, 611 (3d Cir. 2003.  This "right is also mandated by Fed.R.Crim.P 43(a)."  *Id*.  However, "[t]he right to be present at every stage of trial does not confer upon the defendant the right to be present at every conference at which a matter pertinent to the case is discussed, or even at every conference with the trial judge at which a matter relative to the case is discussed." *United States v. Vasquez*, 732 F.2d 846, 848 (11th Cir. 1984).  The sidebars were held to discuss issues of law regarding the jury instructions.  In such cases, it is not error to exclude a defendant from participation.  *See United States v. Peterson*, 385 F.3d 127, 138 (2d Cir. 2004)(finding that it was not an error to exclude

6

defendants from a defense attorney's meeting with the trial judge as the "meetings were more akin to hearings on an issue of law to which a defendant has little to contribute.").

The Defendant's second argument relates to the Court Reporter Act. "The Court Reporter Act applies to all proceedings in open court, which includes sidebar conferences." *United States v. Sierra*, 981 F.2d 123, 127 (3d Cir. 1992). "[F]ailure to comply with the Court Reporter Act does not warrant a reversal without a specific showing of prejudice...." *Id*. at 125. Here, the Defendant claims that he was prejudiced by the unrecorded sidebars because he is unable to ascertan what was discussed at them and that the result of these sidebars were prejudicial jury instructions. With regard to the supplemental jury instruction, we must agree with the Government that the Third Circuit has found that it was not prejudicial. *Holland*, 75 Fed. Appx. at 881. We have examined the original charge given to the jury and cannot find that conspiracy instruction was prejudicial. *See United State v. Russell*, 134 F.3d 171, 183 (3d Cir. 1998)("Co-conspirators do not have to know all of the details, goals or even the identity of other co-conspirators, to support the finding of a single conspiracy."). Further, we note that the Third Circuit found that the evidence supported the Defendant's conspiracy conviction. *Holland*, 75 Fed. Appx. at 880. Therefore, we cannot find that the instruction as to willfulness was prejudicial. As such, we will

7

deny the Defendant's ineffectiveness claim as he cannot show that he was prejudiced by a failure to record.

> ii. <u>Co-conspirators' guilty pleas</u>

The Defendant argues that the Government used co-conspirators' guilty pleas as substantive evidence against him and that trial counsel was ineffective for failing to object or ask the court for a limiting instruction. He further contends that appellate counsel was ineffective for failing to raise the issue on appeal. The Government responds by arguing that it properly elicited testimony from several witnesses regarding their guilty pleas and that had the Government not elicited this information, defense counsel surely would have.

"[A]dmitting a [co-conspirator's] guilty plea can jeopardize the fundamental fairness of a criminal trial because of the likelihood that the jury may impute a [co-conspirator's] guilt to the defendant." *Government of the Virgin Islands v. Mujahid*, 990 F.2d 111, 116 (3d Cir. 1993). There are times when it can implicate that defendant's constitutional rights. *Id*. While a guilty plea cannot be admitted as evidence of the defendant's guilt, it can be used for other purposes, such as a witnesses credibility. *Id*. at 115. A judge, however, must instruct the jury as to the limited purpose of the evidence. *Id*. at 116. The instruction must highlight for the jury "how the guilty plea evidence can and cannot be used." *Id*.

In the instant case, the Government referenced the guilty pleas of two co-conspirators, Anthony Braxton and Shiranda Posey, in its opening statement. During their testimony, the witnesses admitted that they had pled guilty to offenses related to the drug trafficking activity engaged in by the Defendant. The jury was instructed that they could consider the guilty pleas as follows:

> Some of the witnesses who have testified in this case have been convicted of crimes in the past. The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony. And a felony in Federal Court is defined as a crime for which a person may receive a prison sentence of more that one year.
>
> Such convictions cannot be considered when deciding on a defendant's guilt or innocence, but they may be considered in determining the credibility of the witness who has testified.

(Doc. 268, Trial Tr., Vol. 3, p. 528). This charge was sufficient to inform the jury of the limited purpose for which the guilty pleas could be considered. *Mujahid*, 990 F.2d at 116. Therefore, we cannot find that the guilty pleas were used as evidence against the Defendant. Further, trial counsel was not ineffective for failing to request a limiting instruction, as one was given, and appellate counsel was not ineffective for failing to raise the issue on appeal.

### iii. Jury coercion

The Defendant argues that counsel was ineffective at trial for failing to object to the court's coercion of the jury in order to reach a verdict. He also maintains that appellate counsel was ineffective for failing to raise all instances of coercion on appeal. He contends that the trial court exerted undue pressure on the jury by instructing them that they must reach a verdict on the first day of deliberations. To support his argument, Holland relies on two specific quotes. First, he points to the following portion of the court's charge:

> At this point, you may now retire and begin your deliberations. I believe that lunch will be served to you soon. We will be ready to receive your verdict this afternoon when you reach it. We will remain in session, please.

(Doc. 268, Trial Tr., Vol. 3, p. 553). He further relies on a quote from our supplemental jury instructions:

> Naturally, we are hopeful that a verdict can be reached in this case, but we don't want anybody to reach a verdict just for the sake of reaching a verdict. If the case is not resolved today, it will have to be tried by another jury at a later time.

(Doc. 279, Jury Ques. Tr., p. 3).

The Third Circuit, however, has already found that the supplemental instruction given in this case was not coercive. *United States v. Jeffery Holland*, 75 Fed. Appx. 878, 882 (3d Cir. 2003). In doing so, the court stated:

> [i]n reaching our conclusion we recognize that the coercive capacity of the court's

10

>             comment did not depend on it being correct.
>             Yet here we cannot believe that the court
>             coerced the jury for the jury,
>             notwithstanding the court's comment,
>             deadlocked on Count IV.  Accordingly, even
>             though the jury did not know that the count
>             would be dismissed rather than being retried
>             if it did not reach a verdict, it
>             nevertheless was willing to compel the
>             parties to go through another trial on that
>             count.  Therefore it was not coerced by the
>             court's comments.

*Id*. Following the reasoning of the Third Circuit, we cannot now conclude that the reference to "this afternoon" in the original charge was coercive.  Since our instructions were not coercive trial counsel was not ineffective for failing to object. Appellate counsel was also not ineffective for failing to include the "this afternoon" comment in the Defendant's appeal.

   B.   Booker

The Defendant maintains that his sentence was unconstitutionally enhanced by the court at sentencing in violation of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d. 621 (2005).  The Third Circuit has held that *Booker* is not retroactive on collateral review.  *Lloyd v. United States*, ___ F.3d ___, 2005 WL 1155220 at *6 (3d Cir. 2005). Therefore, we will deny the claim.

IV.   Conclusion

Based on the foregoing discussion, we will issue an order denying Petitioner's claims.  The order will also deny a

11

certificate of appealability, based on the analysis in this memorandum.  However, Petitioner is advised that he has the right for sixty (60) days to appeal our order denying his section 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

        We will enter an appropriate order.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: May 24, 2005

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,           :
      Plaintiff
                               :

      vs.                          :  CRIMINAL NO. 1:CR-01-195-02

                               :
JEFFREY HOLLAND,
      Defendant                    :

## O R D E R

AND NOW, this 24th day of May, 2005, it is Ordered that:

    1. Petitioner's 2255 motion (Docs. 304, 307) is denied.

    2. Based on the accompanying memorandum, a certificate of appealability is denied.

    3. The Clerk of Court shall close this file.

                                   /s/William W. Caldwell
                                   William W. Caldwell
                                   United States District Judge