IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,           :
          Plaintiff
                                    :

          vs.                       :   CRIMINAL NO.  1:CR-01-195-02

                                    :

JEFFREY HOLLAND,
          Defendant                 :


*M E M O R A N D U M*

*I.    Introduction*

On October 10, 2002, Defendant, Jeffrey Holland, was convicted and sentenced on narcotics and weapons charges.  He has filed a pro se motion alleging that the Court erred in its instructions to the jury during his trial.  Specifically, Holland contests the instructions concerning the jury's consideration of the weight of cocaine.  Holland has filed his "Motion for Equitable Relief" pursuant to Federal Rule of Civil Procedure 60(b)(6) as well as "Article III of the United States Constitution."  (doc. 404).

Upon review of the motion, we conclude that district courts do not have inherent equitable power under the Constitution to revise their judgments at will.  We also decide that because the claim attacks the validity of the conviction, the motion is actually a second § 2255 motion which we cannot consider without the Third Circuit's approval.

*II.    Background*

Holland was convicted and sentenced on three of four counts in a second superceding indictment.  The charges included the following: (1) intentionally and knowingly manufacturing, distributing, and possessing with the intent to manufacture and distribute 50 grams or more of cocaine base, and aiding, abetting, counseling, commanding, inducing, and procuring the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (2) intentionally and knowingly using a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; and (3) conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846.  *United States v. Holland*, 75 Fed. Appx. 878, 879–80 (3d Cir. 2003) (nonprecedential).  Holland received concurrent life sentences followed by a consecutive term of imprisonment of sixty months as well as supervised release and a fine.  *Id.*

The Third Circuit denied Holland's direct appeal.  *Id.* at 882.  The Supreme Court denied Holland's petition for writ of certiorari.  *Holland v. United States*, 540 U.S. 1205, 124 S.Ct. 1475, 158 L.Ed.2d 127 (2004).

On February 2, 2005, Holland filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  We denied the § 2255 motion.  *United States v. Holland*, No. CR-01-195, 2005 WL

1229733 (M.D. Pa. May 24, 2005).  On October 6, 2005, the Third

Circuit denied Holland's request for a certificate of

appealability.

        In January 2007, Holland filed a pro se document

entitled "Blakely Applies Retroactively," which we treated as an

apparent attempt to file a motion litigating a challenge to his

sentence under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct.

2531, 159 L.Ed.2d 403 (2004).  In February 2007, we denied the

motion, advising Holland that the claim had to be brought in a §

2255 motion and that he had to obtain permission from the court

of appeals to file a second § 2255 motion.

        Holland then filed the instant motion.

*III.*  Discussion

        We will first address the merits of the motion as it

has been brought under Federal Rule of Civil Procedure 60(b)(6)

and then address the constitutional basis of the motion.

        A federal defendant must seek the permission of the

court of appeals before he can file a second or successive §

2255 motion.  28 U.S.C. § 2255 ¶ 8.  Further, such a motion must

be based on newly discovered evidence or a new rule of

constitutional law that was previously unavailable and made

retroactive by the Supreme Court to cases on collateral review.

*Id.* ¶ 8(1),(2).  Rule 60(b) authorizes a party to file a motion

for relief from a final judgment or order pursuant to five

3

specific categories.[1]  Subsection (6), the provision Holland
invokes here, is the catchall provision, and allows relief from
a judgment for "any other reason justifying" it.  Fed. R. Civ.
P. 60(b)(6).

Rule 60(b) applies to § 2255 proceedings as long as it
is "'not inconsistent with' applicable federal statutory
provisions and rules."  *Gonzalez v. Crosby*, 545 U.S. 524, 529,
125 S.Ct. 2641, 2646, 162 L.Ed.2d 480 (2005) (quoted citations
omitted).[2]  If a Rule 60(b) motion raises a claim that attacks
the defendant's criminal conviction, it must be treated as a
second or successive § 2255 motion so the limitations on filing
such a motion are not circumvented.  *Id.* at 531.  It must also
be treated as a § 2255 motion if it raises a claim arguing that

---

[1] The categories are:

(1) mistake, inadvertence, surprise, or excusable
neglect; (2) newly discovered evidence which by due
diligence could not have been discovered in time to move
for a new trial under Rule 59(b); (3) fraud (whether
heretofore denominated intrinsic or extrinsic),
misrepresentation, or other misconduct of an adverse
party; (4) the judgment is void; (5) the judgment has
been satisfied, released, or discharged, or a prior
judgment upon which it is based has been reversed or
otherwise vacated, or it is no longer equitable that the
judgment should have prospective application; . . .

Fed. R. Civ. P. 60(b)

[2] *Gonzalez* dealt with a state prisoner's 28 U.S.C. § 2254
petition but applies to § 2255 motions as well. *See Schweitzer
v. United States*, 215 Fed. Appx. 120, 123 (3d Cir. 2007) (per
curiam) (nonprecedential).

a previous ruling on the merits of a claim seeking

postconviction relief was erroneous.  *Id.* at 532 & n.4.

Applying these principles here, we cannot consider

Holland's claim by way of Rule 60(b).  The claim is that the

Court erred in its instructions to the jury regarding the weight

of the crack cocaine at issue in Holland's case.  This is an

attack upon Holland's conviction and must be presented in a

second § 2255 motion, which must first be approved by the Third

Circuit.

Having decided that Holland cannot rely on Rule

60(b)(6), we will also address Holland's passing reference to

Article III of the Constitution as a basis for this motion.  We

reject Holland's position.  The pertinent provisions are Article

III, Section 1, and Article III, Section 2, Clause 1.  Article

III, Section 1 provides, in pertinent part, that "[t]he judicial

Power of the United States, shall be vested in one supreme

Court, and in such inferior Courts as the Congress may from time

to time ordain and establish."  Article III, Section 2, Clause 1

provides, in pertinent part, that "[t]he judicial Power shall

extend to all Cases, in Law and Equity, arising under this

Constitution, the Laws of the United States, and Treaties made .

. . ."

As Article III, Section 1 indicates, the lower federal

courts, as opposed to the Supreme Court, are creatures of

Congress, which can specify by statute the lower courts'

5

jurisdiction.  *See West Penn Power Co. v. Train*, 522 F.2d 302,

313-14 (3d Cir. 1975) (quoting *Sheldon v. Sill*, 49 U.S. (8 How.)

441, 448-49, 12 L.Ed. 1147 (1850)); *Rice v. United States, Dep't

of Alcohol, Tobacco & Firearms*, 68 F.3d 702, 707 (3d Cir. 1995)

(noting cases recognizing Congress's power "to define and limit"

the jurisdiction of the lower federal courts), overruled on

other grounds by *Pontarelli v. U.S. Dep't of the Treasury*, 285

F.3d 216 (3d Cir. 2002).  It follows that we are bound by

statutory limitations on our power to consider second or

successive § 2255 motions.  *See also Benjamin v. Abraham*, Civ.

No. 06-5561, 2007 WL 839546, at *7 n.10 (E.D. Pa. Mar. 15, 2007)

(rejecting 28 U.S.C. § 2254 petitioner's argument that the

*Rooker-Feldman* doctrine did not bar his claims because the

petitioner was invoking the district court's "inherent equitable

powers" under Article III by reasoning that the lower federal

courts have only that jurisdiction Congress confers, citing

*Sheldon*, *supra*, and *West Penn Power Co., supra*).

We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge


Date: December 4, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
      Plaintiff
                             :

      vs.                  :   CRIMINAL NO.  1:CR-01-195-02

                             :

JEFFREY HOLLAND,
      Defendant      :

*O R D E R*

AND NOW, this 4th day of December, 2007, upon consideration of Jeffrey Holland's Motion for Equitable Relief Under Article III of the United States Constitution of 28 Fed. R. Civ. P. 60(b)(6) (doc. 404), and pursuant to the accompanying Memorandum, it is ordered that:

    1.   The motion (doc. 404) for equitable relief under Article III of the United States Constitution and Fed. R. Civ. P. 60(b)(6) is dismissed as substantively being a second or successive 28 U.S.C. § 2255 motion which requires approval from the court of appeals;

    2. Based on the accompanying Memorandum, a certificate of appealability is denied;

    3. The Clerk of Court shall close this file.

                    /s/William W. Caldwell
                    William W. Caldwell
                    United States District Judge