UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


To: Honorable William Caldwell
    United States District Judge
    Middle District of Pennsylvania


Fr: Jeffrey Holland
    Criminal No: 1:Cr-01-195-02


Dear Honorable William Caldwell,

Please accept this letter in lieu of a more formal submission in support of defendant's petition.

A.  **Defendant's Eligibility For Sentence Reduction**   [ 18 U.S.C. § 3582(c)(2) ]

On or about June 6, 2002, following a jury trial this defendant was convicted on three counts of a five count indictment [ Footnote-1 ]  Count One charged violation(s) of 21 U.S.C. § 841(a); Count Three charge violation(s) of 18 U.S.C. § 924(c) and Count Five charge violation of 21 U.S.C. 846 (a).

On or about October 10, 2002., this honorable court sentenced this defendant to a prison term of Life imprisonment on count one and Five years on count Three and Life on count Five.  ( All of which ran currently and five years consecutive.)

Defendant brings to this honorable court's attention several Amendment(s) to the United States Sentencing Guidelines which warrant a reduction in this defendant's term of imprisonment as discuss below:

Defendant contends that Sentencing Commission has come to grips that the Drug Table ( Section 2D1.1 ) is simply to much time. Therefore, On November 1. 2007, that section has been reduced by two levels which would warrant a reduction in this defendant's base offense level.  Therefore, Defendant moves this honorable court seeking the application of such an reduction to his Base Offense Level;

Second:  Defendant contends that the Sentencing Commission has also amended Guideline section 4A1.2(c) which warrants a reduction in section 4A1.2(c) as defendant's

---

[ Footnote -1 ]  Defendant was only charged in four counts and acquitted on one count.

2

prior offense(s) were to be consider as related. ( See Exhibit- A) which will be further explored in defendant's argument in support of this motion seeking a reduction of sentence.

<u>Third</u>: Defendant's contends that Guideline Amendment #591 would warrant a reduction in this defendant's sentence where such an Amendment would seperate the charge offense with the actual offense as will be explored in this defendant's argument in support of this motion seeking reduction in his sentence.

### A. <u>Applicability of Amendment   [ Section 2D1.1 ] two point Reduction</u>

Defendant contends that he was sentenced in accordance with the United States sentencing guideline section 2D1.1 of the 2001 version of the guidelines.

The Presentence Report at paragraph- __112__ begin with a base offense level of 43  [ Although defendant's sentence was erroneous based upon uncharged amounts of crack cocaine ]  However, that not being the issue here. The defendant simply contends that he is entitled to the two point reduction mandated by the most recent guideline amendment .   ( See Argument # 1 )

### B. <u>Applicability of Amendment 591 warrants a reduction in sentence.</u>

Defendant contends that the amendment 591 deals with the differences between the actual charging terms vs. the factual charging terms.

Defendant moves for reduction of sentence, claiming that Amendment 591, effective November 1, 2000, requires that he be sentence to __151 - 188__ months imprisonment under a base offense level of __32__ as provided by U.S.S.G. Section 2D1.1, rather than life imprisonment. ( See argument # 3 )

C.  **Applicability of Amendment to Section 4A1.2 (c)**

Defendant contends that the recent amendment(s) to section 4A1.2 (c) is a clarifying amendment which if correctly read would warrant a reduction in this defendant's guideline sentence. Despite, the facts that this defendant erroneously received a statutory sentence based upon a misinterptation of Section 4A1.2 (c).   ( See argument # 2 )

D.  **Presence of the Defendant**

Although the statute which permits the Court to modify the defendant's sentence is silent on the question of whether the defendant is entitled to be present for his sentence reduction., Rule 43(b)(4) explicitly states that a defendant need not be present at a preceding which involves a sentence reduction under 18 U.S.C. § 3582(c) 2. The usual requirement, of course, is that the defendant must be present at this  sentencing hearing. Fed. R. Crim. Proc. 32(i)(4).

E.  **Other Issue(s)**

This sentencing modification request arises at the time of great uncertainty about the constitutionality of the Sentencing Guidelines. The decision in **Blakely v. WASHINGTON,** 124 S. Ct 2531 (2004) and the applicable decision in **United States v. Booker**, ( argued October 24, 2004 ) have cast serious doubt about the viability of guidelines in general and about the specific facts that must be pled in the indictment and found by a jury there are several  enhancements which amendments **are**    applicable to the present case. [ Amendment # 591, Amendment to section 4A1.2 and the additional 2 point base offense level.

## ARGUMENT # 1

### [ 2 Point Reduction ]

Defendant states that on or about  10/10/02  , he was sentenced to a base offense level of 38., As the result of having been convicted upon a indictment charging 50 grams of crack cocaine or more.

Subsequently, on or about November 1, 2007., The Sentencing Commission amended guideline section 2D1.1 by lowing the drug table for crack cocaine cases by two (2) points which would reduce this defendant's base offense level to an base offense level of 36. Although defendant was only charged in the indictment with 50 grams or more of crack cocaine, which would yield an base offense level of 32 with guideline range of 151 to 188 months.

This defendant seeks the application of this amendment to the sentencing guideline by this honorable court.

Defendant brings to this honorable court's attention the crack amendment which warrants the 2 point reduction from his base offense level. The most significate aspects of this amendment is that the Sentencing Commission has come to the conclusion that the current guidelines are too high. Therefore, this defendant request that this honorable court follow the improvement in the interest of justice.

WHEREFORE, Mr. Holland, prays that this honorable court grant the requested relief being sought in this argument.

## ARGUMENT # 2

### [ RELATED CASES 4A1.2(a)(2) ]

Defendant contends that the Sentencing Commission has made a clarifying Amendment

to section 4A1.2(a)(2) which stated in relevant part for purpose of counting prior sentences ( worth three points each in the criminal history score ) separately or single sentence :

> " Still count separately in intervening arrest. But, if not, count as a single sentence if ( 1 ) contained in the same charing instrument, or ( 2 ) sentence on the same day.

In the instant case, Mr. Holland, bases his argument on the ( erroneously applied ) one prior conviction., which the government mistakely applied sec. 4A1.2(a) (2) to the one case refered thereto in ( State Case ) 3767-08-89: 312-01-89 and 1583-04-90. ( See exhibit A-1 ) where the defendant was sentenced on the same day for the one prior conviction.

Mr. Holland, contends that the above prior conviction clearly falls within the wide range of Guideline Amendment to section 4A1.2 for the purpose of being considered as related which warrants only three ( 3 ) criminal history point(s) and takes this defendant out of the career offender offense base level and subsequently reveals that the 851 which based upon this one prior conviction would now be considered as invalid as the result of the Guideline Amendment to Section 4A1.2(a)-(c)  of the United States Sentencing Guidelines.

In conclusion, Mr. Holland prays that this honorable court take into consideration the Amendment's to the United States Sentencing Guidelines and consider the modification of this defendant's sentence.

### ARGUMENT # 3

[ Applicability of Amendment # 591 ]

Mr. Holland ( Defendant ) states that according to the United States Sentencing Guideline Amendment # 591 which was amended by striking subsection (a) and inserting:

> "(a)   Determine, pursuant to §1B1.2 ( Applicable Guideline ), the offense guideline section from Chapter Two ( Offense Conduct ) applicable to the offense of conviction. See § 1B1.2.".

This amendment deals with the improper consideration of U.S.S.G. § 2D1.1 (b)(1), U.S.S.G. §3B1.1(a) and U.S.S.G. 3C1.1 triggers Amendment 591 applicable application. The Court's improper use of " Actual " as opposed to what this defendant was charged with in the indictment is now impermissible, this conduct was uncharged. This defendant cannot be held accountable and warrants the consideration of a sentence modification pursuant to United States Sentencing Guidelines.

The Commentary to 1B1.2 caption " Application Notes" is amended by striking the first paragraph of note 1 and inserting the following :

> " This section provides the basic rules for determing the guidelines applicable to the offense conduct under Chapter Two ( Offense Conduct ). The Court is to use the Chapter Two Guideline Section re - ference in the Statutory Index ( Appendix A ) for the offense of conviction. However, (A) in the case of a plea agreement containing a stipulation that specifically establishes a more serious offense than that of conviction, The Chapter Two offense guideline section applicable to the stipulated offense is to be used; and (B) for statutory provisions not listed in the Statutory Index, the most analogous guideline, determined pursuant to §2X5.1 ( Other Offense), is to be used.

In the instant case defendant asserts that this application of the Real Offense vs. Charge Offense Sentencing is clear by the Commentary to 1B1.2 caption " Application Note " and makes a clarifying amendment to the United States Sentencing Guidelines.

In closing, Mr. Holland seeks the application of amendment #591 and request that this Honoraboe Court modify this defendant's sentence of life to an guideline sentence with a base offense level of 32 with a guideline range of 151 to 188 months.

### ARGUMENT # 4

[ Application of Amendment # 548 ]

Mr. Holland ( Defendant hereafter ) contends that Guideline Amendment # 548 stated that section 1B1.10 is amended in the title by deleting " <u>Retroactivity</u> " and inserting, " <u>Reduction in Term of Imprisonment as a Result</u> "

Therefore, Mr. Holland ( defendant ) contends that there is no need to access the appliability of the amendment(s) being applied to the instant case. ( See, Amendment # 548. and section 1B1.10 (c) of the United States Sentencing Guidelines.

WHEREFORE, this defendant seeks to have this honorable court take judicial notice of the adjudictaed facts and all of the applicable guideline(s) amendments.

Wherefore, Defendant prays that this honorable court modify this defendant's sentence to a prison term of 151 to 188 months.

Dated: 12-7-07            Signed: Jeffrey Holl

CERTIFICATE OF SERVICES

It is on this 7th day of December, 2007., that I, Jeffrey Holland ( Defendant ) has placed in the U.S. Mail Box one original and two copies of this motion address to the attention of the clerk of this court, and has also forwarded one copy to the attention of the Office of the U.S . Attorney,  P.O. Box 11745, Room 217, Federal building, Harrisburg, PA,  17108. [ Postage pre paid - First Class ]

December 7th, 2007                                    Signed: *Jeffrey Holl*

Exhibit A-1

United States District Court for the Middle District of Pennsylvania
United States of America v. Jeffrey Holland
Criminal No: 1:CR-01-195-02

Case No# 3767-08-89      State of New Jersey: Sentencing Date : 3/7/91
Case No# 312-01-89       State of New Jersey: Sentencing Date: 3/7/91
Case No# 1583-04-90      State of New Jersey: Sentencing Date : 3/7/91

THE ABOVE MENTIONED PRIOR CONVICTION(S) FALL UNDER THE AMENDED SECTION OF 4A1.2 ( )   FOR THE PURPOSE OF BEING CONSIDERED AS RELATED WHICH WARRANTS ONLY 3 CRIMINAL HISTORY POINT(S).

[ See Amendment #_____ ( not yet listed ) ](of the United States Sentencing Guidelines )

  *** References are made to the above mentioned prior conviction in the Pre-
      sentence report as paragraph(s)   60   ,   61   , and   62    ***

**DEFENDANT'S EXHIBIT(S) IN SUPPORT OF HIS MOTION SEEKING MODIFICATION OF SENTENCE**

# TRUE COPY

State of New Jersey                                 New Jersey Superior Court
                                                    ESSEX            County
           v.                                       Law Division – Criminal

JEFFREY HOLLAND                                     [X] Judgment of Conviction
_____                           [ ] Change of Judgment
Defendant (Specify Complete Name)                   [ ] Order for Commitment
                                                    [ ] Indictment/Accusation Dismissed
                                                    [ ] Judgment of Acquittal

1/12/68        DATE OF BIRTH
356545         S.B.I. #
2/9/88         DATE OF ARREST                       ADJUDICATION BY:    DATE
8/30/89        DATE IND / ACC FILED                 [X] GUILTY PLEA     4/27/90
10/16/89       DATE OF ORIGINAL PLEA                [ ] JURY TRIAL
[X] NOT GUILTY  [ ] GUILTY  ORIGINAL PLEA           [ ] NON-JURY TRIAL
                                                    [ ] Dismissed/Acquitted

**ORIGINAL CHARGES**

| IND / ACC No | Count | Description | Degree | Statute |
|---|---|---|---|---|
| 3767-08-89 | 1 | Conspiracy | 3 | NJS 2C:5-2 |
|  | 2 | Possession CDS (Cocaine | 3 | NJS 2C:35-10a(1) |
|  | 3 | POss w/int to Dist CDS (Cocaine | 3 | NJS 2C:35-5b(3) |

**FINAL CHARGES**

| Count | Description | Degree | Statute |
|---|---|---|---|
| 3 | Poss w/int to Dist CDS (Cocaine | 3 | NJS 2C:35-5b(3) |

It is, therefore, on  March 7, 1991   ORDERED and ADJUDGED that the defendant is sentenced as follows:

COUNT #3    COMMITTED TO THE CUSTODY OF THE COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS FOR THE TERM OF THREE (3) YEARS AND UNTIL RELEASED IN ACCORDANCE WITH LAW. SENTENCE IS CONCURRENT TO SENTENCE IMPOSED ON INDICTMENT NO. 01583-04-90. DRIVERS LICENSE SUSPENDED FOR TWELVE (12) MONTHS. D.E.D.R. $1,000.00. LAB FEE $50.00. V.C.C.B. $30.00.

DISMISSED ON MOTION OF THE PROSECUTOR PURSUANT TO PLEA AGREEMENT OF 4/27/90 INDICTMENT NO. 3767-08-89  -  COUNTS #1 & #2

[ ] It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

[X] Defendant is to receive credit for time spent in custody.  43         2/9/88 to 2/10/88
                                                               TOTAL NO DAYS   DATES (From / To)
                                                                             4/18/90 to 6/7/90
                                                                             DATES (From / To)

Total Custodial Term _____   Institution _____   Total Probation Term _____

State of New Jersey v. __JEFFREY HOLLAND__   SBI # __346545B__   IND xxxx # __3767-8-89__

Total FINE $ _____

Total RESTITUTION $ _____

If the offense occurred on or after January 9, 1986, a penalty of $30 is imposed on each count on which the defendant was convicted unless the box below indicates a higher penalty pursuant to N.J.S.A 2C:43-3.1. (Penalty is $25 if offense is before January 9, 1986, unless a higher penalty is noted.)

[X] Penalty imposed on count(s) __3__

is $ __30.00__ each

Total VCCB Penalty $ __30.00__

[ ] Installment payments are due at the rate of $ _____ per _____ beginning _____ (DATE)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for __each__ count. (Write in # times for each.)

___ 1st Degree @ $3000          ___ 4th Degree @ $750
___ 2nd Degree @ $2000          ___ Disorderly Persons or Petty
_1_ 3rd Degree @ $1000          ___ Disorderly Persons @ $500

Total D.E.D.R. Penalty $ __1,000.00__

[ ] Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A mandatory driver's license suspension of __12__ months is ORDERED
The suspension shall begin today, _____ and end _____

Driver's License Number _____
(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address __27 No. 18th St., East Orange__

Eye Color __brown__   Sex __male__   Date of Birth __1/12/68__

[ ] The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's license # _____

[ ] Your non-resident driving privileges are hereby revoked for _____ Months.

3) A forensic laboratory fee of $50 per offense is ORDERED. _1_ Offenses @ $50.

4) Name of Drugs Involved __Cocaine__    Total LAB FEE $ __50.00__

| NAME (Court Clerk or Person who prepares this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| JUDITH PORCELLO | (201) 621-4811/12 | ROBERT MISEO |

## STATEMENT OF REASONS

### AGGRAVATING FACTORS

The need for deterring the defendant and others from violating the law.

The extent of the defendant's prior criminal history.

### MITIGATING FACTORS

None

JUDGE (Name): ANTHONY J. IULIANI, J.S.C.

JUDGE (Signature): [signature]

DATE: 3/7/91

Administrative Office of the Courts
State Bureau of Identification

CP0106 (Rev 11/89) Replaces LR-34 & LR-35
CDR 4 (Rev 11/89)

COPIES TO: CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

| State of New Jersey | TRUE COPY | New Jersey Superior Court |
|---|---|---|
| v. | | ESSEX County |
| | | Law Division – Criminal |

JEFFREY HOLLAND
Defendant (Specify Complete Name)

[X] Judgment of Conviction
[ ] Change of Judgment
[ ] Order for Commitment
[ ] Indictment/Accusation Dismissed
[ ] Judgment of Acquittal

1/12/68  DATE OF BIRTH
346545B  S.B.I. #
10/19/88  DATE OF ARREST
4/5/90  DATE IND / XXX FILED
_____  DATE OF ORIGINAL PLEA
ORIGINAL PLEA
[ ] NOT GUILTY  [ ] GUILTY

ADJUDICATION BY:   DATE
[X] GUILTY PLEA   4/27/90
[ ] JURY TRIAL
[ ] NON-JURY TRIAL
[ ] Dismissed/Acquitted

**ORIGINAL CHARGES**

| IND / XXX No. | Count | Description | Degree | Statute |
|---|---|---|---|---|
| 01583-04-90 | 1 | Conspiracy | 2 | NJS 2C:5-2 |
| | 2 | Possession CDS (Cocaine) | 3 | NJS 2C:35-10a(1) |
| | 3 | Poss w/int to Dist CDS (Cocaine) | 3 | NJS 2C:35-5b(3) |
| | 4 | Poss w/in to Dist w/in 1000' school | 3 | NJS 2C:35-7 |
| | 5 | Employ Juvenil in Drug Dist | 2 | NJS 2C:35-6 |
| | 6 | Hindering Apprehension | 3 | NJS 2C:29-3 |

**FINAL CHARGES**

| Count | Description | Degree | Statute |
|---|---|---|---|
| 3 | Poss w/int to Dist CDS (Cocaine) | 3 | NJS 2C:5b(3) |
| 4 | Poss w/int to Dist CDS w/in 1000' school | 3 | NJS 2C:35-7 |

It is, therefore, on March 7, 1991    ORDERED and ADJUDGED that the defendant is sentenced as follows:

COUNT #4    COMMITTED TO THE CUSTODY OF THE COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS FOR THE TERM OF FOUR (4) YEARS AND UNTIL RELEASED IN ACCORDANCE WITH LAW.  SENTENCE IS CONCURRENT TO SENTENCE IMPOSED IN BERGEN COUNTY.  D.E.D.R. $1,000.00.  LAB FEE $50.00. V.C.C.B. $30.00.  DRIVERS LICENSE SUSPENDED FOR TWELVE (12) MONTHS.

COUNT #3    COMMITTED TO THE CUSTODY OF THE COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS FOR THE TERM OF FOUR (4) YEARS AND UNTIL RELEASED IN ACCORDANCE WITH LAW.  SENTENCE IS CONCURRENT TO SENTENCE IMPOSED ON COUNT #4 OF THIS INDICTMENT AND BERGEN COUNTY.  DRIVERS LICENSE SUSPENDED FOR TWELVE (12) MONTHS.  D.E.D.R. $1,000.00.  LAB FEE $50.00. V.C.C.B. $30.00

DISMISSED ON MOTION OF THE PROSECUTOR PURSUANT TO PLEA AGREEMENT OF 4/27/90
INDICTMENT NO. 01583-04-90  --  COUNTS #1, #2, #5 & #6

[ ] It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

[X] Defendant is to receive credit for time spent in custody.   45 TOTAL NO. DAYS    12/16/88 to 12/19/88 DATES (From / To)
                                                                                                                4/18/90 to 6/7/90 DATES (From / To)

Total Custodial Term _____   Institution _____   Total Probation Term _____

State of New Jersey v. __JEFFREY HOLLAND__    S.B.I. # __356545B__    IND /XXXX # __01583-04-90__

Total **FINE** $ _____

Total **RESTITUTION** $ _____

If the offense occurred on or after January 9, 1986, a penalty of $30 is imposed on each count on which the defendant was convicted unless the box below indicates a higher penalty pursuant to N.J.S.A 2C:43-3.1. (Penalty is $25 if offense is before January 9, 1986, unless a higher penalty is noted.)

[X] Penalty imposed on count(s) __3 & 4__

is $ __30.00__ each.

Total **VCCB Penalty** $ __60.00__

[ ] Installment payments are due at the rate of $ _____ per _____, beginning _____
(DATE)

If any of the offenses occurred *on or after* July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C,

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for *each* count. (Write in # times for each.)

___ 1st Degree @ $3000    ___ 4th Degree @ $750
___ 2nd Degree @ $2000    ___ Disorderly Persons or Petty
_2_ 3rd Degree @ $1000    ___ Disorderly Persons @ $500

Total **D.E.D.R. Penalty** $ __2,000.00__

[ ] Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A mandatory driver's license suspension of __24__ months is ORDERED.
The suspension shall begin today, _____ and end _____.
Driver's License Number _____
(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)
Defendant's Address __27 No. 18th Street, East Orange__
Eye Color __brown__    Sex __male__    Date of Birth __1/12/68__

[ ] The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____. Driver's license # _____.
[ ] Your non-resident driving privileges are hereby revoked for _____ Months.

3) A forensic laboratory fee of $50 per offense is ORDERED. _2_ Offenses @ $50.

Total **LAB FEE** $ __100.00__

4) Name of Drugs Involved __COCAINE__

NAME (Court Clerk or Person who prepares this form)    TELEPHONE NUMBER
JUDITH PORCELLO    (201) 621-4811/12

NAME (Attorney for Defendant at Sentencing)
ROBERT MISEO

## STATEMENT OF REASONS

**AGGRAVATING FACTORS**

The need for deterring the defendant and others from violating the law.

**MITIGATING FACTORS**

The defendant has no history of prior delinquency or criminal activity.

Sentence pursuant to NJSA 2C:35-12

JUDGE (Name)    ANTHONY J. IULIANI, J.S.C.

JUDGE (Signature) *[signed]*

DATE    3/7/91

Administrative Office of the Courts
State Bureau of Identification

CP0106 (Rev 11/89) Replaces LR-34 & LR-35
CDR 4 (Rev. 11/89)

COPIES TO:    CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

**TRUE COPY**

State of New Jersey                                    New Jersey Superior Court
                                                       ESSEX                County
v.                                                     Law Division – Criminal

JEFFREY HOLLAND                              ☒ Judgment of Conviction
Defendant (Specify Complete Name)            ☐ Change of Judgment
                                             ☐ Order for Commitment
                                             ☐ Indictment/Accusation Dismissed
1/12/68      DATE OF BIRTH                   ☐ Judgment of Acquittal
356545B      S.B.I. #
10/19/88     DATE OF ARREST                  ADJUDICATION BY:      DATE
1/26/89      DATE IND / ACC FILED            ☒ GUILTY PLEA         4/27/90
4/21/89      DATE OF ORIGINAL PLEA           ☐ JURY TRIAL
☒ NOT GUILTY  ☐ GUILTY  ORIGINAL PLEA        ☐ NON-JURY TRIAL
                                             ☐ Dismissed/Acquitted

**ORIGINAL CHARGES**

| IND/XXXX No. | Count | Description | Degree | Statute |
|---|---|---|---|---|
| 00312-01-89 | 1 | Conspiracy | 2 | NJS 2C:5-2 |
|  | 2 | Possession CDS (Cocaine) | 3 | NJS 2C:35-10a(1) |
|  | 3 | Poss w/int to Dist CDS (Cocaine) | 2 | NJS 2C:35-5b(2) |

**FINAL CHARGES**

| Count | Description | Degree | Statute |
|---|---|---|---|
| 3 | Poss w/int to Dist CDS (Cocaine) | 3 | NJS 2C:35-5b(2) |

It is, therefore, on  March 7, 1991   ORDERED and ADJUDGED that the defendant is sentenced as follows:

COUNT #3    COMMITTED TO THE CUSTODY OF THE COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS FOR THE TERM OF THREE (3) YEARS AND UNTIL RELEASED IN ACCORDANCE WITH LAW. SENTENCE IS CONCURRENT TO SENTENCE IMPOSED ON INDICTMENT NOS. 1583-04-90 & 3767-08-89 & BERGEN COUNTY. V.C.C.B. $30.00. D.E.D.R. $1,000.00. LAB FEE $50.00. DRIVERS LICENSE SUSPENDED FOR TWELVE (12) MONTHS.

DISMISSED ON MOTION OF THE PROSECUTOR PURSUANT TO PLEA AGREEMENT OF 4/27/90
INDICTMENT NO. 00312-01-89 -- COUNTS #1 & #2

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority

☒ Defendant is to receive credit for time spent in custody.    43           10/19/88 to 10/20/88
                                                          TOTAL NO DAYS    DATES (From To)
                                                                           4/18/90 to 6/7/90
                                                                           DATES (From To)

Total Custodial Term _____  Institution _____         Total Probation Term _____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER  STATE POLICE  AOC CRIMINAL PRACTICE DIVISION  DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION
CP0106 (Rev. 11/89) Replaces 1R-34 & 1R-45
CDR 4 (Rev. 11/90)

State of New Jersey v. JEFFREY HOLLAND    S.B.I # 356545B    IND # 00312-01-89

Total FINE $ _____

Total RESTITUTION $ _____

If the offense occurred on or after January 9, 1986, a penalty of $30 is imposed on each count on which the defendant was convicted unless the box below indicates a higher penalty pursuant to NJSA 2C:43-3.1. (Penalty is $25 if offense is before January 9, 1986, unless a higher penalty is noted.)

[X] Penalty imposed on count(s) __3__

is $ __30.00__ each

Total VCCB Penalty $ __30.00__

[ ] Installment payments are due at the rate of $ ____ per ____ beginning ____ (DATE)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C,

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

___ 1st Degree @ $3000    ___ 4th Degree @ $750
___ 2nd Degree @ $2000    ___ Disorderly Persons or Petty
_1_ 3rd Degree @ $1000    ___ Disorderly Persons @ $500

Total D.E.D.R. Penalty $ __1,000.00__

[ ] Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A mandatory driver's license suspension of ____ months is ORDERED

The suspension shall begin today, ____ and end ____

Driver's License Number ____
(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)
Defendant's Address ____
Eye Color ____ Sex ____ Date of Birth ____

[ ] The defendant is the holder of an out-of-state driver's license from the following jurisdiction ____. Driver's license # ____

[ ] Your non-resident driving privileges are hereby revoked for ____ Months.

3) A forensic laboratory fee of $50 per offense is ORDERED. ___ Offenses @ $50.

Total LAB FEE $ ____

4) Name of Drugs Involved __Cocaine__

NAME (Court Clerk or Person who prepares this form): JUDITH PORCELLO
TELEPHONE NUMBER: (201) 621-4811/12
NAME (Attorney for Defendant at Sentencing): ROBERT MISEO

## STATEMENT OF REASONS

### AGGRAVATING FACTORS

The need for deterring the defendant and others from violating the law.

The extent of the defendant's prior criminal history.

### MITIGATING FACTORS

None

JUDGE (Name): ANTHONY J. IULIANI, J.S.C.
JUDGE (Signature): [signed]
DATE: 3/7/91

Administrative Office of the Courts
State Bureau of Identification

CP0106 (Rev 11/89) Replaces LR 34 & LR 35
CDR 4 (Rev 11/89)

COPIES TO: CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

| 60. | 2/9/88 (Age 20) | Possession With Intent to Distribute Cocaine/Essex County Superior Court, NJ, No. 3767-08-89 | 4/27/90: Pled guilty; 3/7/91: 3 years imprisonment (concurrent to Essex County Superior Court case number 1583-04-90), driver's license suspended 1 year, $1,080 fine and costs; 12/30/91: Paroled; 9/7/95: Parole revoked; 10/7/96: Paroled; 11/12/96: Released after serving maximum term. | 4A1.1(a) 3 |

Mr. Holland was represented by counsel. On February 9, 1988, undercover police officers observed the defendant and two others in a suspected drug transaction. The individuals were arrested. Mr. Holland had two vials of crack cocaine in his jacket pocket and $923 in cash.

| 61. | 10/19/88 (Age 20) | Possession With Intent to Distribute Cocaine/Essex County Superior Court, NJ, No. 312-01-89 | 4/27/90: Pled guilty; 3/7/91: 3 years imprisonment (concurrent to Essex County Superior Court case numbers 1583-04-90 and 3767-08-89), driver's license suspended 1 year, $1,080 fine and costs; 12/30/91: Paroled; 9/7/95: Parole revoked; | 4A1.1(a) 3 |

11

317

|   |   |   | 10/7/96: Paroled; | |
|   |   |   | 11/12/96: Released after serving maximum sentence. | |

The defendant was represented by counsel. On October 19, 1988, undercover police officers were working an area of East Orange, NJ known as "Little City." They observed the defendant driving a car that hit a parked car. Mr. Holland could not move his car and an officer ran toward the car because both subjects were attempting to jump out and escape. The defendant and the other individual were arrested. On the console of the car was a clear plastic bag containing crack cocaine. Mr. Holland committed this offense while on bail in Essex County case number 3767-08-89.

| 62. | 12/16/88 (Age 20) | Possession With Intent to Distribute Cocaine, Possession With Intent to Distribute Cocaine Within 1,000 Feet of a School/Essex County Superior Court, NJ, No. 1583-04-90 | 4/27/90: Pled guilty; 3/7/91: <u>4 years imprisonment</u> (each count, concurrent, and concurrent with Bergen County Superior Court, NJ case number IS632-89), $2,160 fine and costs (total), driver's license suspended 1 year; 12/30/91: Paroled; 9/7/95: Parole revoked; 10/7/96: Paroled; 11/12/96: Released after serving maximum term. | 4A1.1(a) <u>3</u> |

Mr. Holland was represented by counsel. On December 16, 1988, he was found in possession of twenty-one vials of crack cocaine within 1,000 feet of the East Orange High School and it was determined that he employed a seventeen year old female by giving her nineteen vials of crack cocaine to sell. Upon arrest, the defendant told police he was Jeffrey Hall and lied about his address and social security number. Mr. Holland committed this offense while on bail in Essex County cases 3767-08-89 and 312-01-89.

MCC:WAB:caz

MCC:WAB:caz

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | Criminal No. 1:CR-01-195 |
|---|---|---|
|  | ) | (Judge Caldwell) |
| v. | ) |  |
|  | ) |  |
| JEFFREY HOLLAND and | ) |  |
| HARVEY HOLLAND | ) |  |

**SECOND SUPERSEDING INDICTMENT**



FILED JAN - 4 2002
PER ___ HARRISBURG, PA. DEPUTY

**THE GRAND JURY CHARGES THAT:**

## COUNT I

Beginning on or about January 1, 1997, and continuing through the end of April 2001, in Dauphin County, Harrisburg, Pennsylvania, and elsewhere, the defendant,

**JEFFREY HOLLAND,**

did intentionally and knowingly manufacture, distribute, and possess with the intent to manufacture and distribute 50 grams or more of cocaine base, also known as "crack" cocaine, a Schedule II controlled substance, and did aid, abet, counsel, command, induce, and procure same.

All in violation of Title 21, United States Code, Section 841(a)(1); Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT V

Count I through IV of this Second Superseding Indictment are incorporated as if fully set forth herein as some but not all of the overt acts committed in furtherance of the conspiracy charged in this Count.

Beginning on or about January 1, 1997, and continuing through the end of April 2001, in Dauphin County, Harrisburg, Pennsylvania, and elsewhere, the defendants,

**JEFFREY HOLLAND, and
HARVEY HOLLLAND**

did intentionally and knowingly unlawfully combine, conspire, confederate and agree with each other, with Lavelle Gamble a/k/a "Boston", Sean Anderson, Shiranda Posey, Anthony Braxton, Rebekah Christopher and with other persons both known and unknown to the grand jury, to manufacture, distribute, and possess with the intent to manufacture and distribute 50 grams or more of cocaine base, also known as "crack" cocaine, a Schedule II narcotic controlled substance.

All in violation of Title 21, United States Code, Section 846.

A TRUE BILL

_____
FOREPERSON

1/4/02
DATE

_____
MARTIN C. CARLSON
UNITED STATES ATTORNEY

Legal Mail    Legal Mail

Mr. Jeffrey Holland
Reg. N. # 36909-083
United States Penitentiary
Lee County
Jonesville, Virginia
24263-0305

Office of the Clerk
United States District Court
Middle District of Pennsylvania
U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA
17108

U.S. POSTAGE PAID
JONESVILLE, VA
24263
DEC 05, 07
AMOUNT
$0.00
00031338-02

U.S. PENITENTIARY - LEE COUNTY
PO Box 300 - Jonesville, VA 24263
DATE 12-5-07

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.