UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 1:01-CR-195-02 |
| : | |
| JEFFREY HOLLAND, : | |
| Defendant : | |

*M E M O R A N D U M*

*I.     Introduction*

We are considering a pro se motion filed by Defendant, Jeffrey Holland, pursuant to 28 U.S.C. § 2255. (Doc. 478). In June 2002, a jury convicted Defendant of distribution and possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), conspiracy to do the same, in violation of 21 U.S.C. § 846, and use of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). We sentenced Defendant to concurrent terms of life imprisonment on the drug offenses and a consecutive term of sixty months on the firearm offense. On June 2, 2016, in light of the Supreme Court's holding in Johnson v. United States, 576 U.S. ––––, 135 S.Ct. 2551 (2015), Defendant filed a motion seeking appointment of counsel. (Doc. 478). We construed Defendant's motion as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and appointed the Federal Public Defender's Office, in accordance with Standing Order 15-6, to represent him. (Doc. 479). On July 1, 2016, the Federal Public Defender's Office filed a motion to withdraw as counsel, suggesting that Johnson does not

apply to Defendant. (Doc. 484). We granted the motion to withdraw. (Doc. 485). For the reasons discussed below, we will dismiss Defendant's § 2255 motion.

*II.       Discussion*

Defendant previously filed a § 2255 motion in February of 2005. (Doc. 304). Pursuant to § 2255(h), before a prisoner may seek a second or successive § 2255 motion, he must obtain a certificate of appealability from the court of appeals authorizing the motion.[1] 28 U.S.C. §§ 2255(h), 2244. Where a prisoner files such a motion without first obtaining the appropriate certificate, a district court lacks jurisdiction to entertain the motion. Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011). With respect to the motion *sub judice*, Defendant has failed to obtain the required certificate of appealability. Thus, we lack jurisdiction to entertain the motion, and we must either dismiss it or transfer it to the Third Circuit to be treated as an application for a certificate of appealability under §§ 2244 and 2255(h).[2] Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

---

1. Section 2255(h) provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

2. This is Defendant's fifth motion pursuant to § 2255. See (Doc. 304, 404, 454, 468). Since his initial motion, all motions have been dismissed for lack of jurisdiction due to Defendant's failure to obtain a certificate of appealability. See (Doc. 405, 459, 470).

2

We will dismiss the motion. To cure a want of jurisdiction, we can transfer Defendant's motion to the Third Circuit if it is "in the interest of justice" to do so. 28 U.S.C. § 1631. To determine whether the interest of justice warrants a transfer, courts generally examine whether the motion prima facie satisfies the §§ 2244 and 2255(h) standards. United States v. Hawkins, 614 F. App'x 580, 582 (3d Cir. 2015). Additionally, although a lack of jurisdiction prevents a court from considering the merits when deciding whether to dismiss the motion, see Robinson, 313 F.3d at 140, the merits may inform a court's determination of whether the interest of justice warrants a transfer. Johnson v. Walsh, No. 1:CV-13-1522, 2014 WL 3421071 at *2 (M.D. Pa. July 11, 2014) (Caldwell, J.). Here, Defendant's motion does prima facie satisfy the §§ 2244 and 2255(h) standards, see Welch v. United States, 136 S.Ct. 1257 (2016) (holding that Johnson v. United States announced a new rule of constitutional law which applies retroactively on collateral review), but the merits of his motion instruct us that a transfer is not in the interest of justice.

In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. Johnson, 135 S.Ct. at 2557. The United States Sentencing Guidelines, pursuant to which Defendant was sentenced for the drug offenses, includes a career offender provision which contains an identical residual clause. See U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a)(2). Further, Section 924(c), pursuant to which Defendant was convicted and sentenced for the use of a firearm, contains a substantially similar residual clause. Assuming *arguendo* that Johnson applies

to the residual clauses within the sentencing guidelines and § 924(c),[3] Defendant is nevertheless not entitled to relief.

With respect to his sentences on the drug offenses, Defendant's base offense level was calculated using § 2A1.1 of the sentencing guidelines. See id. § 2D1.1 (2015) (stating that if a victim was killed under circumstances constituting murder under 18 U.S.C. § 1111, § 2A1.1 governs the calculation of the base offense level). Pursuant to § 2A1.1, Defendant's base offense level was forty-three. Id. § 2A1.1. Under § 3C1.1, he received a two-level increase for obstruction of justice. Id. § 3C1.1. Because his adjusted offense level of forty-five was greater than the offense level under the residual clause, see id. § 4B1.1 (indicating career offender base offense level is thirty-seven), the residual clause was not applied.

Moreover, Defendant's criminal history category was determined using criminal history points. Defendant's prior criminal convictions resulted in a criminal history score of seventeen. Pursuant to the sentencing table found in Chapter Five, Part A of the guidelines, a criminal history score of thirteen or more establishes a criminal history category of VI. Id. ch. 5, pt. A. With an adjusted offense level of forty-five and a criminal history category of VI, Defendant's guideline range was life. Id. Thus, even if Johnson applies to the sentencing guidelines, the career offender residual clause found in § 4B1.1 played no role in calculating Defendant's sentence.

The same is true with respect to Defendant's conviction and sentence for the firearm offense. Pursuant to § 924(c), "any person who, during and in relation to any

---

3. The Third Circuit has yet to decide, but is currently considering, whether Johnson applies to the residual clauses in the sentencing guidelines and § 924(c). See, e.g., In re Cremne Branch, No. 15-2992 (3d Cir. filed Oct. 28, 2015); United States v. Robinson, No. 15-1402 (3d Cir. filed Feb. 18, 2015).

4

crime of violence or drug trafficking crime," uses a firearm in furtherance of any such crime, shall be sentenced to a consecutive term of imprisonment not less than five years. 18 U.S.C. § 924(c)(1)(A)(i). It is in the definition of "crime of violence" that § 924(c) uses a residual clause that is substantially similar to the residual clause the Supreme Court found unconstitutionally vague in Johnson. See § 924(c)(3)(B). Defendant, however, was not convicted of using a firearm in furtherance of a crime of violence; he was convicted of using a firearm in furtherance of a drug trafficking crime. The definition of "drug trafficking crime" includes no such residual clause. See § 924(c)(2). Therefore, Defendant's conviction and sentence for the firearm offense were not pursuant to the constitutionally-suspect residual clause in § 924(c).

Accordingly, we find that the interest of justice does not warrant transferring Defendant's motion to the Third Circuit to be treated as an application for a certificate of appealability.

### III. Conclusion

For the reasons discussed above, we will issue an order dismissing Defendant's § 2255 motion for want of jurisdiction. The order will also deny a certificate of appealability, based on the analysis in this memorandum. Defendant is advised, however, that he has the right for sixty (60) days to appeal our order dismissing his motion, see 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, so long as he also seeks a certificate of appealability from the court of appeals. See FED. R. APP. P. 22.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge